MILLER, STATE REVENUE AGENT, *v.* HAY *et al.*[*]

(Division A. Feb. 1, 1926.)

[106 So. 818. No. 25565.]

APPEAL AND ERROR.  *Order substituting another for complainant held appealable.*

Order removing complainant and substituting intervener for him, even if interlocutory, is within Laws 1924, chapter 151, section 17, authorizing allowance of appeal from interlocutory order "in exceptional cases to avoid expense and delay."

---

[*]Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., p. 459, n. 48.

APPEAL from chancery court of Washington county.
HON. E. N. THOMAS, Chancellor.

*S. V. Anderson,* for movant.

The grounds ascribed in this motion are, briefly, that the order of the learned chancellor, being an interlocutory order, an appeal will not lie to settle the principles of the cause because the principles of the cause are not involved in the order sought to be appealed from. The chancellor declined to grant an appeal, the appeal being granted by the chief justice of this court.

The order from which appeal has been granted is not a final order. It affects in no wise the issues raised by the bill of complaint and the answer filed thereto. It merely substitutes under the authority of *Revenue Agent* v. *Bank of Batesville,* 77 So. 318, the board of supervisors of Washington county in place of the State Revenue Agent, as the agent for Washington county, and does not pass on the question of whether or not Washington county has the right to recover from the defendants in this cause. Such an order is, therefore, purely interlocutory and the granting or refusing of an appeal therefrom is purely a matter within the discretion of the trial judge and only then within his discretion if the appeal would settle the principles of the main cause. The statutes controlling this are sections 10 and 3186, Hemingway's Code. The meaning of these two sections is made clear by the case of *R. R. Co.* v. *James,* 108 Miss. 656, overruling *Pierce* v. *Grant,* 91 Miss. 791, 45 So. 876.

We submit that the meaning of sections 10 and 3186, as construed by the authorities above quoted is so clear as to need no further argument. By section 3186, Hemingway's Code, the right of a judge of the supreme court to grant an appeal, such as is sought here, is limited by the same consideration as the granting of such an appeal by the chancellor, to-wit: it may be granted "when the appeal is necessary to settle the principles of the cause."

*Boone, Lowrey & Boone,* for the revenue agent.

This appeal is from a decree of the chancery court of Washington county, Mississippi, dated October 31, 1925,

wherein the trial court removed the appellant as complainant and substituted the board of supervisors of Washington county, granting full control and exclusive charge of the said litigation to the said board.

It is evident that in filing the petition to intervene, the board of supervisors and its attorneys relied solely upon certain statements made by the supreme court in *Robertson, Revenue Agent,* v. *Bank of Batesville,* 77 So. 318.

After a careful study of this case, we fail to see how it could have been construed in such manner as to allow the complete removal of the revenue agent as complainant and substitute another of the four different officers authorized by law to bring such suits, giving such substituted officer, or officers, full and complete control of further proceedings had therein and depriving the revenue agent entirely of the right to prosecute the suit further or to protect such rights as are accorded to him by statute.

As we see it, the sole question decided by the Bank of Batesville case is that the court may permit the attorneys for the board of supervisors to co-operate with the revenue agent in suits where it appears that the county's interest would be better conserved by so doing, and the court qualifies even this principle by stating that such authority of the court must be charily exercised.

The purpose of the board of supervisors in this petition was clearly to gain complete control of this suit, in order that it might dispose of same, or prosecute same to conclusion as it saw fit and to deprive the appellant of any further authority to protect his personal interests. We used the expression *personal interests* advisedly, in that the law provides that the revenue agent shall take toll from such collections as are made by him in accordance with his duties and privileges, and fixes his commission on such collections at twenty per cent of the amount collected.

In our opinion, the limit of the court's authority, under these conditions, is to allow intervention on the part of some officer authorized to bring such suits for the purpose of protecting the county's interests; and we certainly do not construe the law to be that a complainant with a monetary interest, vested in him by statute, can be summarily removed and deprived of further opportunity to protect such interest. See *Miller, Revenue Agent,* v. *Henry,* 103 So. 203.

The decree of the trial court, from which this appeal is taken, should be reversed.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted by the state revenue agent to recover from the appellees a debt alleged to be due by them to the county of Washington. The board of supervisors of Washington county intervened, by petition, alleging, in substance, that the suit was begun by the revenue agent after the appellees had arranged to borrow money with which to pay the debt due by them to the county; that the further prosecution of the suit by the revenue agent was inimical to the best interests of the county; and prayed "that this litigation be taken out of his hands and the control thereof be placed in the hands of the board of supervisors." This motion was sustained by the court below after hearing evidence in support thereof. An appeal was granted the complainant by a judge of this court after it had been denied by the court below.

The case now comes on to be heard on motion by the board of supervisors to dismiss the appeal on the ground that the order appealed from is interlocutory, and will not lie under section 17, chapter 151, Laws of 1924, which provides that an appeal from an interlocutory order or decree may be granted "in order to settle the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay."

Assuming for the purpose of the argument that the order appealed from is interlocutory and not final, if the court below erred in granting it, both expense and delay will result if the decision of that question must await the final outcome of the case, and the removal of a complainant and the substitution of another is both unusual and exceptional. Consequently, the appeal is within the provisions of the statute.

*The motion will be overruled.*